JUDGE FAILLA

13 CV 4558

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
KATHERINE PRYOR,

           Plaintiff,                       COMPLAINT

       v.                                  DEMAND FOR JURY TRIAL

JAFFE & ASHER LLP and JEFFREY
TSENG

           Defendants.
-----------------------------------------------------------x

Plaintiff alleges as follows:

## NATURE OF THE ACTION

1.     This is a wage and hour and civil rights lawsuit arising from Defendants' failure to pay Plaintiff properly for overtime and sexual harassment against Plaintiff.

## JURISDICTION AND VENUE

2.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq* ("FLSA").

3.     This Court has supplemental jurisdiction over the claims brought under the New York law as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4.     Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because Defendants have offices, conduct business, and can be found in this District, and because the cause of action arose and the acts and omissions complained of occurred in this district.

1

5. The New York City Commission on Human Rights will be notified and sent a copy of this complaint.

## THE PARTIES

6. All Defendants are hereinafter collectively referred to as "Defendants."

7. Defendant Jaffe & Asher LLP ("Jaffe & Asher"), a limited liability partnership, is a law firm doing business in New York, New York.

8. Defendant Jeffrey Tseng is a director of IT at Jaffe & Asher.

9. Mr. Tseng had the authority to hire and in fact hired Plaintiff.

10. Defendant Tseng supervised Plaintiff during Plaintiff's employment with Defendants. Mr. Tseng was in charge Plaintiff's schedule, directly supervised her work and was in charge of her work assignments.

11. Upon information and belief, Mr. Tseng played a role in determining Plaintiff's rate of pay.

12. Plaintiff Katherine Pryor is a New York resident.

13. Ms. Pryor has been employed by Defendants as an IT employee since November 2012.

## FACTS

14. Plaintiff began working as an IT employee at Jaffe & Asher in November 2012.

15. Plaintiff's job duties consist primarily of data entry and data oraginzation.

16. Plaintiff did not exercise independent judgment and discretion in performing her job duties.

17. Plaintiff often worked more than 50 hours per workweek.

18. Because Plaintiff performed much of her work at home after-hours, Plaintiff would be able to better state her precise hours worked if/when Defendants produce Plaintiff's work email account as part of discovery in this lawsuit.

19. Jaffe & Asher paid Plaintiff a fixed salary of roughly $55,000 per year, paid in biweekly increments.

20. Jaffe & Asher did not pay Ms. Pryor any overtime premiums for hours worked in excess of forty (40) per workweek.

21. On May 26, 2013, Plaintiff suffered an incident of extreme domestic violence, resulting in the incarceration of her boyfriend.

22. When Plaintiff returned to work thereafter, she was noticeably bruised, with a black eye.

23. Plaintiff advised her superiors, including Defendant Tseng, of the incident with her boyfriend.

24. Shortly thereafter, on June 3, 2013, Defendant Tseng asked Plaintiff to accompany him for a drink at a nearby bar.

25. Plaintiff assumed Defendant Tseng wanted to speak with her about work, and agreed to go out with Defendant Tseng.

26. Plaintiff was unaware that Defendant Tseng would use this work meeting as an opportunity to take advantage of her precarious situation by hitting on her and ultimately sexually assaulting her.

27. During this time, Plaintiff was still noticeably bruised and distraught by the abuse she suffered about a week earlier.

28. When they arrived at the bar, Defendant Tseng began speaking with Plaintiff about her career, asking in substance "where do you want go with your career?"

29. At the beginning of the conversation, Defendant Tseng stroked Plaintiff's hand in a sexual manner.

30. Defendant Tseng's advances made Plaintiff extremely uncomfortable, and Plaintiff got up to leave a short time into the conversation.

31. As Plaintiff was getting up to leave, Defendant Tseng grabbed Plaintiff into an attempted embrace and attempted to kiss her on the neck.

32. Plaintiff, noticeably disgusted, attempted to pull away and leave. Defendant Tseng forcibly pulled Plaintiff back and kissed Plaintiff on the neck.

33. Plaintiff was finally able to break free from Defendant Tseng and left the bar, hurt, distraught and humiliated.

34. Upon information and belief, Defendant Tseng harassed and assaulted Plaitniff because of her gender and/or status as a victim of domestic violence.

35. As a result of Defendants' sexual harassment and assault of Plaintiff, Plaintiff has suffered extreme emotional distress, and her psychologist has advised her that returning to work at Jaffe & Asher would be detrimental to her health.

36. Accordingly, Plaintiff was constructively discharged by Defendants.

37. Defendants never provided Plaintiff with the notices required by New York Labor Law § 195.

### FIRST CLAIM FOR RELIEF
(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)

38. Plaintiff realleges and incorporates by reference all previous paragraphs.

39. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

40. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rates, one and a half times her regular rate for hours worked in excess of forty (40) hours per workweek.

41. Plaintiff seeks damages in the amount of her unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
(New York Minimum Wage Act, N.Y.Lab. L. §§ 650 *et seq.*)

42. Plaintiff realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

43. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

44. Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rate of one and a half times her regular rate for hours worked in excess of forty (40) hours per workweek.

45. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial, including liquidated damages, pre-judgment interest, costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

## THIRD CLAIM FOR RELIEF
(New York State Human Rights Law ("NYSHRL"),
N.Y. Exec. L. §§ 290 *et seq.* – Gender Discrimination—
Hostile Work Environment and Constructive Discharge)

46. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

47. In violation of the NYSHRL, Defendants intentionally discriminated against Plaintiff on the basis of her sex by subjecting Plaintiff to a sexually hostile work environment that was severe or pervasive enough to alter the terms and conditions of her employment and ultimately making it impossible for Plaintiff to continue working for Defendants.

48. As a direct and proximate consequence of Defendants' sexual harassment/discrimination against Plaintiff, she has suffered, and continues to suffer, substantial monetary damages, including, but not limited to, a loss of income, including past and future salary.

49. As a direct and proximate consequence of Defendants' sexual harassment/discrimination against Plaintiff, she has suffered, and continues to suffer, substantial non-monetary damages, including, but not limited to, emotional distress, physical pain and suffering, damage to Plaintiff's good name and reputation, lasting embarrassment, humiliation and anguish.

50. As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to lost wages and damages for emotional distress, post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
(New York City Human Rights Law ("NYCHRL")
N.Y. Admin. L. §§ 8-101 *et seq.* – Gender Discrimination—
Hostile Work Environment and Constructive Discharge)

51. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

52. In violation of the NYCHRL, Defendants discriminated against Plaintiff on the basis of her gender by subjecting Plaintiff to sexual harassment and ultimately making it impossible for Plaintiff to continue working for Defendants.

53. As a direct and proximate consequence of Defendants' sexual harassment/discrimination against Plaintiff, she has suffered, and continues to suffer, substantial monetary damages, including, but not limited to, a loss of income, including past and future salary.

54. As a direct and proximate consequence of Defendants' sexual harassment/discrimination against Plaintiff, she has suffered, and continues to suffer, substantial non-monetary damages, including, but not limited to, emotional distress and physical pain and suffering.

55. Defendants' conduct was outrageous and malicious, was intended to injure, and was done with reckless indifference to Plaintiff's statutorily-protected civil rights.

56. As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to lost wages and damages for emotional distress, punitive damages, post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
(New York City Human Rights Law ("NYCHRL")
N.Y. Admin. L. §§ 8-101 *et seq.* – Domestic Violence Victim Discrimination—
Hostile Work Environment and Constructive Discharge)

57. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

58. In violation of the NYCHRL, Defendants discriminated against Plaintiff on the basis of her status as a victim of domestic violence by subjecting Plaintiff to a hostile work environment and ultimately making it impossible for Plaintiff to continue working for Defendants.

59. As a direct and proximate consequence of Defendants' harassment/discrimination against Plaintiff, she has suffered, and continues to suffer, substantial monetary damages, including, but not limited to, a loss of income, including past and future salary.

60. As a direct and proximate consequence of Defendants' harassment/discrimination against Plaintiff, she has suffered, and continues to suffer, substantial non-monetary damages, including, but not limited to, emotional distress and physical pain and suffering.

61. Defendants' conduct was outrageous and malicious, was intended to injure, and was done with reckless indifference to Plaintiff's statutorily-protected civil rights.

62. As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to lost wages and damages for emotional distress, punitive damages, post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SIXTH CLAIM FOR RELIEF
(Common Law Battery)

63. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

64. Defendant Tseng intentionally touched Plaintiff without her consent.

65. Mr. Tseng's intentional touching of Plaintiff constituted offensive bodily contact.

66. Defendant Jaffe & Asher LLP is liable under the doctrine of *respondeat superior*.

67. As a result of Defendants' unlawful conduct, Plaintiff are entitled to compensatory damages, including but not limited to damages for emotional distress, physical injuries, and medical treatment; punitive damages; and such other legal and equitable relief as this Court deems just and proper.

## SEVENTH CLAIM FOR RELIEF
### (New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)

68. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

69. Defendants did not provide Plaintiff with the notices required by N.Y. Lab. Law § 195.

70. As a result of Defendants' unlawful conduct, Plaintiff is entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, and attorneys' fees and costs as provided for by N.Y. Lab. Law § 663.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court enter a judgment:

A. Declaring that Defendants' actions and practices violated federal, state, and city laws;

B. Permanently enjoining Defendants from engaging in actions or practices that discriminate against any employees or job applicants because of their gender, sex, or status as a victim of domestic violence;

C. Directing Defendants to make Plaintiff whole by providing her:

i. An award of front pay, back pay, reimbursement for any and all lost benefits, and reimbursement for any and all medical expenses for injuries caused or exacerbated by Defendants;

ii. An award of compensatory damages for the emotional distress caused by Defendants' discrimination and harassment against Plaintiff;

iii. An award of punitive damages sufficient to punish and deter continuation of Defendants' unlawful employment practices;

iv. Liquidated damages for unpaid overtime;

v. Penalties available under applicable laws;

vi. Costs of action incurred herein, including expert fees;

vii. Attorneys' fees, including fees pursuant to applicable statutes;

viii. Pre-Judgment and post-judgment interest, as provided by law; and

D. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
July 1, 2013

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: /s/
D. Maimon Kirschenbaum
233 Broadway
5th Floor
New York, NY 10017
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorney for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.