**JOSEPH & KIRSCHENBAUM LLP**
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Douglas Weiner
Matthew D. Kadushin
Denise A. Schulman

Of Counsel:
Diane Hester
Michael DiChiara*
*Also admitted in NJ & MA

The Woolworth Building
233 Broadway, 5th Floor
New York, NY 10279
Phone (212) 688-5640
Fax (212) 688-2548
www.jhllp.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/09/2013

August 5, 2013

**VIA E-MAIL (Failla_NYSDChambers@nysd.uscourts.gov)**

Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
Room 2103
New York, NY 10007

      Re:    Pryor v. Jaffe & Asher LLP *et al.*
              No. 13 Civ. 4558 (KPF)

Dear Judge Failla:

    We represent the Plaintiff in the above-referenced action. We submit this letter in response to Defendants' August 1, 2013 letter requesting a pre-motion conference for their anticipated motion to dismiss. Defendants' assertion that Plaintiff has failed to state claims for sexual harassment and constructive discharge ignores the abundance of case law supporting findings of sexual harassment and constructive discharge for egregious sexual incidents such as that alleged here.

### I. Background

    Plaintiff's Complaint adequately states claims for sex discrimination – including sexual harassment and constructive discharge – under the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL") – and for domestic violence victim discrimination under the NYCHRL.

    Plaintiff alleges in her Complaint that a few days after she was the victim of severe domestic violence of which her employers were aware, Defendants Tseng, her direct supervisor, asked her to accompany him to a nearby bar for what Plaintiff believed was a work-related purpose. At the beginning of their conversation at the bar, Defendant Tseng began stroking Plaintiff's hand in a sexual manner. Because Defendant Tseng's advances made Plaintiff uncomfortable, she got up to leave shortly after the conversation began. As Plaintiff attempted to leave, Defendant Tseng grabbed her and tried to kiss her on the neck. Plaintiff, noticeably

disgusted, attempted to pull away and leave, whereupon Defendant Tseng forcibly pulled Plaintiff back and kissed her on the neck. This assault did not end until Plaintiff was finally able to break from Defendant Tseng and leave. As a result of this severe incident of harassment, Plaintiff has suffered extreme emotional distress, and her psychologist has advised her that returning to work for Defendants would be harmful to her health.

## II. Argument

In order to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In deciding a motion to dismiss a court must accept as true all "'well-pleaded factual allegations[.]'" *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010).

### a. NYSHRL harassment claim

Hostile work environment sexual harassment is actionable under the NYSHRL where it is sufficiently severe or pervasive to alter the conditions of employment. *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 300 (S.D.N.Y. 2011). It is clear that a single incident of forced physical and sexual contact committed intentionally and against the plaintiff's will and which ends only when the plaintiff is finally able to physically wrest herself away from her attacker is actionable under the NYSHRL and is sufficient to survive not only a motion to dismiss, but even a defense motion for summary judgment. *See, e.g., Id.* (denying defendants' motion for summary judgment based on single incident in which supervisor grabbed the plaintiff by the waist and rubbed his genitals against the plaintiff for a few seconds until plaintiff pushed the supervisor off); *Guzman v. Macy's Retail Holdings, Inc.*, No. 09 Civ. 4472, 2010 U.S. Dist. LEXIS 29544 (S.D.N.Y. Mar. 29, 2010) (denying motion to dismiss where superior rubbed his genitals against the plaintiff on one occasion); *Yaba v. Roosevelt*, 961 F. Supp. 611, 620 (S.D.N.Y. 1997) (denying motion to dismiss where the plaintiff alleged a single "serious incident of sexual touching and harassment").

### b. NYCHRL harassment claims

Harassment claims are held to a lower standard under the NYCHRL than under the NYSHRL. Rather than having to establish that a "hostile work environment" existed in order to prevail, a sexual harassment plaintiff under the NYCHRL must show merely "that she has been treated less well than other employees because of her gender."[1] *Williams v. N.Y. City Housing Auth.*, 61 A.D.3d 62, 78 (N.Y. App. Div., 1st Dep't 2009). An affirmative defense is available "whereby plaintiffs can still avoid liability if they prove that the conduct complained of consists of nothing more than what a reasonable victim of discrimination would consider 'petty slights and trivial inconveniences.'" *Id.* at 80. It is absurd and offensive to suggest that being grabbed and forcibly kissed by one's supervisor while attempting to escape his grip is a mere "petty slight" or "trivial inconvenience." To be sure, none of the cases cited by Defendants include

---

[1] By logical extension, to prevail on a harassment claim, a victim of harassment based on status as a domestic violence victim need only show that she was treated less well than other employees because of her status as a domestic violence victim.

2

comparable actions. In all but one of the cases cited by Defendants, the alleged harassment consisted solely of offensive comments, rather than including, as in this case, intentional touching and grabbing. *See Copantitla*, 788 F. Supp. 2d at 300-301 (comparing cases involving no physical contact with the intentional sexual contacted directed at the plaintiff). In the single case involving touching, the touching at issue was the stroking of an arm. *Yee Sing Li v. Educ. Broad. Corp.*, Index No. 115948/2010, 2011 N.Y. Misc. LEXIS 3522 (Sup. Ct. June 30, 2011). This type of "incidental and fleeting" physical contact stands in stark contrast to the more severe intentional grabbing and forcible kissing endured by Plaintiff. *Copantitla*, 788 F. Supp. 2d at 300. Accordingly, Defendants cannot show that Plaintiff has failed to state claims for harassment under the NYCHRL.[2]

### c. Constructive discharge claims

A constructive discharge claim arises where "the working conditions were such that a reasonable person would be compelled to resign rather than work in the altered conditions of his employment." The allegations here – where Plaintiff was grabbed by her direct supervisor and forcibly kissed while she struggled to escape his grip – are comparable to cases in which courts refused to dismiss constructive discharge claims. *E.g., Id.* at 301 ("[W]ith all inferences drawn in [plaintiff's] favor, the Court cannot say that no reasonable jury would find that being rubbed with a supervisor's genitals, even if for ten seconds, would cause [plaintiff's[ working conditions to be such that he would feel compelled to resign.").

For the foregoing reasons, Defendants' anticipated motion to dismiss is meritless. Accordingly, we respectfully request that any pre-motion conference also serve as a Fed. R. Civ. P. 16 conference so that the parties can begin discovery. We thank the Court for its attention to this matter.

Respectfully submitted,

D. Maimon Kirschenbaum

---

[2] For the same reasons that Plaintiff has stated a claim for sexual harassment under the NYCHRL, she has also stated a claim for harassment based on her status as a domestic violence victim.