UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

KATHERINE PRYOR,

                Plaintiff,                Civil Action No. 13 CV 4558

    -against-.

JAFFE & ASHER LLP and JEFFREY TSENG,

                Defendants.

-------------------------------------------------------------------------X

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE THIRD, FOURTH, AND FIFTH CLAIMS OF PLAINTIFF'S COMPLAINT PURSUANT TO FED R. CIV. P. 12(b)(6)**

Jaffe & Asher LLP
600 Third Avenue
New York, NY 10016
(212) 687-3000

*Of counsel*: Gregory E. Galterio

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

THE FACTS ............................................................................................................................... 2

ARGUMENT
    I.    THE COMPLAINT FAILS TO STATE A CLAIM
        FOR HOSTILE WORK ENVIRONMENT OR
        CONSTRUCTIVE DISCHARGE UNDER THE NYSHRL .................................... 4

        A.  Hostile Work Environment .............................................................................. 4

        B.  Constructive Discharge .................................................................................... 9

    II.   THE COMPLAINT FAILS TO STATE A CLAIM FOR HOSTILE
        WORK ENVIRONMENT OR CONSTRUCTIVE DISCHARGE
        UNDER THE NYCHRL ......................................................................................... 10

CONCLUSION ........................................................................................................................ 12

# TABLE OF AUTHORITIES

**Cases**

Alfano v. Costello,
   294 F.3d 365 (2d Cir.2002) .................................................................................... 4-5

Anderson v. Davis Polk & Wardwell LLP,
   2013 WL 1809443 (S.D.N.Y. Apr 29, 2013) (NO. 10 CIV. 9338 NRB) ................... 4

Ardigo v. J. Christopher Capital, LLC,
   2013 WL 1195117 (S.D.N.Y. Mar 25, 2013) ........................................................... 11

Balance v. Energy Transp. Corp.,
   2001 WL 1246586 (S.D.N.Y. Oct.18, 2001) ............................................................ 7

Campbell v. Cellco Partnership,
   860 F.Supp.2d 284 (S.D.N.Y. Feb 07, 2012) .......................................................... 10

Carter v. State of New York,
   151 Fed. Appx. 40 (2d Cir. 2005) ............................................................................. 5

Chukwueze v. NYCERS,
   891 F.Supp.2d 443, 445 (S.D.N.Y.2012) ................................................................. 7

Cook v. New York City Department of Education,
   90 Fed. Appx. 562 (2d Cir. 2004) ............................................................................. 5

Cruz v. Coach Stores, Inc.,
   202 F.3d 560 (2d Cir. 2000) ...................................................................................... 5

Davis-Bell v. Columbia University,
   851 F.Supp.2d 650 (S.D.N.Y.),
   *appeal dismissed* (2d Cir. 2012) ............................................................................. 10

Deras v. Metro. Transp. Auth.,
   2013 WL 1193000, No. 11–CV–5912, (E.D.N.Y. Mar. 22, 2013) ............................ 7

Diagne v. New York Life Ins. Co.,
   2010 WL 5625829 (S.D.N.Y. Dec. 8, 2010) ............................................................ 11

Fincher v. Depository Trust & Clearing Corp.,
 604 F.3d 712 (2d Cir.2010) .................................................................................................. 9

Fullwood v. Assoc. for the Help of Retarded Children, Inc.,
 2010 WL 3910429, 08 Civ. 6739(DAB),  (S.D.N.Y. Sept. 28, 2010) ...................................... 11

Gaffney v. City of New York,
 101 A.D.3d 410, 955 N.Y.S.2d 318 (1st Dep't 2012) .............................................................. 9

Gonzalez v. New York State Div. of Human Rights,
 2011 WL 4582428 (S.D.N.Y. Sep 29, 2011) ........................................................................... 7

Harris v. NYU Langone Medical Center,
 2013 WL 3487032 (S.D.N.Y. Jul 09, 2013) .................................................................. 6, 9, 10

Kelly v. Howard I. Shapiro & Associates Consulting Engineers, P.C.,
 716 F.3d 10 (2d Cir. 2013) ...................................................................................................... 4

Khalil v. State,
 17 Misc.3d 777, 847 N.Y.S.2d 390 (Sup. Ct. N.Y. Co. 2007) ................................................. 8

Lambert v. Macy's East, Inc.,
 34 Misc.3d 1228(A), 951 N.Y.S.2d 86 (Sup. Ct. Kings Co. 2010)
 aff'd, 84 A.D.3d 744, 922 N.Y.S.2d 210 (2d Dep't 2011) ....................................................... 10

Lucas v. S. Nassau Communities Hosp.,
 54 F. Supp.2d 141 (E.D.N.Y.1998) ..................................................................................... 6, 8

Mark v. Mount Sinai Hosp.,
 85 F. Supp.2d 252 (S.D.N.Y. Feb 18, 2000) ........................................................................... 6

Ortiz v. Standard & Poor's,
 2011 WL 4056901 (S.D.N.Y. Aug 29, 2011) ......................................................................... 7

Phillip v. City of New York,
 2012 WL 1356604 (E.D.N.Y. Apr 19, 2012) ........................................................................ 10

Price v. Cushman & Wakefield, Inc.,
 829 F.Supp.2d 201 (S.D.N.Y. 2011) ..................................................................................... 10

Prince v. Cablevisions Sys. Corp.,
    2005 WL 1060373, No. 04 Civ. 8151(RWS), (S.D.N.Y. May 6, 2005) ..................................... 6

Raum v. Laidlaw Ltd.,
    Fed. Appx., 173 F.3d 845 (2d Cir. 1999) ................................................................................ 6

Summa v. Hofstra University,
    708 F.3d 115 (2d Cir. 2013) .................................................................................................... 4

Vito v. Bausch & Lomb Inc.,
    403 Fed. Appx. 593 (2d Cir. 2010) ......................................................................................... 5

Wilson v. N.Y.P. Holdings, Inc.,
    2009 WL 873206, 05 Civ. 10355(LTS), (S.D.N.Y. Mar. 31, 2009) ...................................... 11

Wilson v. New York City Police Dept.,
    2013 WL 878585 (S.D.N.Y. Feb 06, 2013) (No. 09 CIV. 2632 ALC HBP) .......................... 5

Yee Sing Li v. Educ. Broad. Corp.,
    Index No. 115948/2010, 2011 N.Y. Misc. LEXIS 3522 (N.Y. Sup.Ct. June 30, 2011) ........... 10

**Statutes and Rules**

12 NYCRR 800.6 et seq. ................................................................................................................. 1

N.Y. Code (NEW) tit. 8, § 101 - § 131 (2006) ..................................... 1, 2, 4, 5, 8, 9, 10, 11, 12

Fed. R. Civ. P. 12(b)(6) ................................................................................................................ 11

## Preliminary Statement

Defendants Jaffe & Asher LLP ("J&A") and Jeffrey Tseng ("Tseng") (collectively, "defendants") submit this memorandum of law in support of their motion for an Order pursuant to Fed. R. Civ. P. 12(b)(6) dismissing the third, fourth and fifth claims for relief asserted in the complaint of plaintiff Katherine Pryor ("Pryor") for failure to state a claim upon which relief can be granted.

Pryor is a former employee of J&A who falsely alleges that she has not been paid for overtime, and who further falsely alleges that she was sexually harassed by her supervisor, defendant Tseng. Her complaint attempts to assert seven claims for relief. The first and second claims for relief seek damages for alleged unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") and the New York Minimum Wage Act ("NYMWA"). The third through fifth claims for relief seek damages for alleged hostile work environment and constructive discharge under the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL") based upon gender discrimination and domestic violence victim discrimination. The sixth claim for relief seeks damages for alleged common law battery. The seventh claim for relief seeks damages for alleged violations of the notice requirements of the New York Labor Law.

The defendants deny any wrongdoing on their part with respect to any of the alleged claims asserted in the complaint. The instant motion, however, is confined strictly to the pleadings; and, as such, is addressed solely to Pryor's third, fourth, and fifth claims for hostile work environment and constructive discharge under the NYSHRL and the NYCHRL.

As shown below, even accepting the allegations of the complaint as true, Pryor has failed to state a viable claim under either the NYSHRL or the NYCHRL. These claims purport to be based upon a single, isolated incident wherein Tseng is alleged to have touched Pryor's hand and

1

kissed her on the neck after work hours in a nearby restaurant/bar off the premises of Jaffe & Asher LLP. As a matter of law, an allegation of one, isolated incident fails to meet the "objectively severe or pervasive" standard required to state a *prima facie* claim for either hostile work environment or constructive discharge under the NYSHRL. Moreover, the same allegation is insufficient as a matter of law to sustain a claim under the NYCHRL, as it is objectively nothing more than a "petty slight" or a "trivial inconvenience."

Pryor does not – and cannot – allege a continuous course of discriminatory conduct on the part of defendants. In fact, she does not allege *any* discriminatory conduct of any kind or nature other than a single, objectively innocuous incident that took place off the work premises. As a matter of law, a single touch on the hand and a single kiss on the neck – regardless of where it takes place – cannot constitute a predicate for a hostile work environment or constructive discharge claim under any conceivable set of facts or circumstances. Accordingly, Pryor's third, fourth, and fifth claims are subject to dismissal as a matter of law for failure to state a claim upon which relief can be granted.

## The Facts

Because this is a pre-answer motion to dismiss, the facts as alleged in the complaint (while in large part denied by the defendants) must be assumed to be true. (A copy of the complaint is attached to the certification of Gregory E. Galterio dated September 16, 2013.) However, it should be noted that the defendants admit only that Tseng touched Pryor's hand in a supportive fashion, and later gave her a purely platonic, socially acceptable goodbye kiss on the cheek while she departed from the restaurant/bar.

The relevant facts, for purposes of this motion to dismiss, are gleaned from the four corners of the complaint as follows:

- J&A is a law firm located in New York, New York. See Complaint at ¶7.

- Tseng is a director of IT at J&A. See Complaint at ¶8.

- Pryor was employed by J&A as an IT employee and Tseng was her supervisor. See Complaint at ¶10, 13.

- On or about May 26, 2013, Pryor was the victim of domestic violence perpetrated by her boyfriend, who was not a J&A employee. See Complaint at ¶21.

- Pryor informed her superiors at J&A, including Tseng, of the aforesaid incident. See Complaint at ¶23.

- On or about June 3, 2013, Tseng asked Pryor to accompany him to a nearby bar for a drink and Pryor agreed to do so. See Complaint at ¶24-25.

- When Tseng and Pryor arrived at the bar, Tseng asked Pryor in substance "where do you want to go with your career." See Complaint at ¶28.

- At the beginning of the conversation, Tseng stroked Pryor's hand "in a sexual manner." See Complaint at ¶29.

- Tseng's advances made Pryor "extremely uncomfortable" and she "got up to leave a short time into the conversation." See Complaint at ¶30.

- As Pryor was getting up to leave, Tseng "grabbed" her "into an attempted embrace and attempted to kiss her on the neck." See Complaint at ¶31.

- Pryor attempted to pull away and leave, but Tseng "forcibly pulled her back and kissed her on the neck." See Complaint at ¶32.

- As a result of the foregoing, Pryor suffered "extreme emotional distress" and her psychologist advised her that returning to work at J&A would be "detrimental to her health." See Complaint at ¶35.

Based solely upon the foregoing allegations, the third, fourth and fifth claims for relief in Pryor's complaint purport to assert a claim for hostile work environment and/or constructive discharge. However, as shown below, as a matter of law, they are insufficient to withstand a motion to dismiss.

## ARGUMENT

### I

### THE COMPLAINT FAILS TO STATE A CLAIM FOR HOSTILE WORK ENVIRONMENT OR CONSTRUCTIVE DISCHARGE UNDER THE NYSHRL

**A.  Hostile Work Environment**

A claim for hostile work environment under the NYSHRL is analyzed under the same standards as a federal claim under Title VII. See Kelly v. Howard I. Shapiro & Associates Consulting Engineers, P.C., 716 F.3d 10 (2d Cir. 2013)("The standards for evaluating hostile work environment and retaliation claims are identical under Title VII and the NYSHRL"); Summa v. Hofstra University, 708 F.3d 115 (2d Cir. 2013)("Hostile work environment claims under both Title VII and the NYSHRL are governed by the same standard").

To state a viable claim based on a hostile work environment, a plaintiff must show that the conduct at issue: (1) is objectively severe or pervasive; that is, creates an environment that a reasonable person would find hostile or abusive; and (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's sex. See Anderson v. Davis Polk & Wardwell LLP, 2013 WL 1809443 (S.D.N.Y. Apr 29, 2013) (NO. 10 CIV. 9338 NRB).

Isolated acts, unless "extraordinarily severe," do not meet the threshold of objective severity or pervasiveness that is absolutely essential to state a valid claim for relief. See Alfano

4

v. Costello, 294 F.3d 365 (2d Cir.2002)("a plaintiff alleging a hostile work environment 'must demonstrate either that a single incident was extraordinarily severe, or that a series of incidents were 'sufficiently continuous and concerted' to have altered the conditions of her working environment'"); Cruz v. Coach Stores, Inc., 202 F.3d 560 (2d Cir. 2000)(same).

Where, as here, a single, isolated incident involving a "touch" or a "kiss" is the sole basis upon which a plaintiff's hostile work environment claim is grounded, it is insufficient as a matter of law to sustain a claim under the NYSHR. The case law to this effect is abundant:

- In Vito v. Bausch & Lomb Inc., 403 Fed. Appx. 593 (2d Cir. 2010), the Second Circuit held that a single incident of improper touching between a female employee and her male supervisor, which involved the supervisor touching plaintiff's left shoulder and his right hand slipping down shoulder to touch her right breast, was insufficient to state a hostile work environment in violation of Title VII.

- In Carter v. State of New York, 151 Fed. Appx. 40 (2d Cir. 2005), the Second Circuit held that three kisses on female employee's cheek in a two-year period, in the absence of any other discriminatory or offensive treatment, was not sufficiently severe or pervasive to support a Title VII hostile work environment claim.

- In Cook v. New York City Department of Education, 90 Fed. Appx. 562 (2d Cir. 2004), the Second Circuit held that only one overtly sex-based act consisting of a kiss did not meet the threshold of severity or pervasiveness necessary to sustain a valid claim for hostile work environment.

- In Wilson v. New York City Police Dept., 2013 WL 878585 (S.D.N.Y. Feb 06, 2013) (NO. 09 CIV. 2632 ALC HBP), report and recommendation adopted, 2013 WL 929654 (S.D.N.Y. Mar 11, 2013), the court granted summary judgment to an employer where the plaintiff

alleged that her co-worker "touch[ed] my hand in a sexual manner, sort of in a caressing way," and another "r[a]n up to me and kiss[ed] me on the cheek."

- In <u>Prince v. Cablevisions Sys. Corp.</u>, No. 04 Civ. 8151(RWS), 2005 WL 1060373, at *6–7 (S.D.N.Y. May 6, 2005), the court granted a motion to dismiss where the plaintiff alleged generalized "sex talk" at work and "a single incident of harassment" involving an attempted kiss at a bar where she went with coworkers.

- In <u>Mark v. Mount Sinai Hosp.</u>, 85 F. Supp.2d 252 (S.D.N.Y. Feb 18, 2000), the court held that "a platonic hug or kiss at a party falls within the realm of culturally appropriate social behavior absent a showing that the particular recipient indicated the contact was unwelcome."

- In <u>Lucas v. S. Nassau Communities Hosp.</u>, 54 F. Supp.2d 141, 147 (E.D.N.Y.1998), the court dismissed the plaintiff's sexual harassment claims where the plaintiff alleged that her supervisor had touched her on several isolated occasions.

Consistent with the foregoing, courts routinely dismiss hostile work environment claims at the pleadings stage where, as here, the complaint fails to allege facts showing objectively severe or pervasive conduct:

- In <u>Raum v. Laidlaw Ltd.</u>, --- Fed. Appx. ----, 173 F.3d 845 (2d Cir. 1999), the Second Circuit affirmed the District Court's dismissal of a complaint for failure to allege facts sufficient to support a hostile work environment claim.

- In <u>Harris v. NYU Langone Medical Center</u>, 2013 WL 3487032 (S.D.N.Y. Jul 09, 2013), the court dismissed a hostile work environment claim where "there is no objective evidence that [defendant's] actions were frequent, severe, threatening, or humiliating," but was merely "an isolated incident, this does not constitute a hostile work environments").

- In <u>Gonzalez v. New York State Div. of Human Rights</u>, 2011 WL 4582428 (S.D.N.Y. Sep 29, 2011), the court held that the allegedly sporadic conduct of plaintiff's supervisor did not "meet the required severity and pervasiveness to state a claim for a discriminatory, hostile environment."

- In <u>Ortiz v. Standard & Poor's</u>, 2011 WL 4056901 (S.D.N.Y. Aug 29, 2011), the court dismissed a hostile work environment claim under federal and state law, including NYCHRL, where the plaintiff failed to plead facts "suggesting that the alleged conduct: (1) is objectively severe or pervasive, such that it creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates an environment that is discriminatory, hostile or abusive to the plaintiff because of the plaintiff's membership in a protected class."

- In <u>Deras v. Metro. Transp. Auth.</u>, No. 11–CV–5912, 2013 WL 1193000, at *8 (E.D.N.Y. Mar. 22, 2013), the court found that the plaintiff's allegations of five separate incidents spanning four and half years were "insufficient to state a plausible claim that [the plaintiff's] workplace was so 'permeated with discriminatory intimidation, ridicule, and insult' so as to alter the conditions of his employment."

- In <u>Chukwueze v. NYCERS</u>, 891 F.Supp.2d 443, 445 (S.D.N.Y.2012), the court granted a motion to dismiss where the plaintiff alleged three incidents over the course of a year where he was chastised and berated in front of his coworkers because they "represent 'episodic' instances of 'mere offensive utterance[s]' and thus are neither severe nor pervasive enough to alter the conditions of his work environment."

- In <u>Balance v. Energy Transp. Corp.</u>, No. 00 Civ. 9180(LMM), 2001 WL 1246586, at *11 (S.D.N.Y. Oct.18, 2001), the court dismissed a complaint holding that one incident in which

defendant allegedly untied plaintiff's apron and touched her buttocks did not "amount to an environment permeated with discrimination."

- In Lucas v. S. Nassau Communities Hosp., 54 F.Supp.2d 141, 147 (E.D.N.Y.1998), the court dismissed the plaintiff's sexual harassment claims where she merely alleged that her supervisor had touched her on several isolated occasions).

- In Khalil v. State, 17 Misc.3d 777, 847 N.Y.S.2d 390 (Sup. Ct. N.Y. Co. 2007), the court dismissed a hostile work environment claim where conduct alleged in the complaint was isolated and neither severe nor pervasive.

Construing the allegations of the complaint in this case in the light most favorable to Pryor, the undisputed fact remains that her claims are based upon a single, isolated incident. As the above case law confirms, that incident was neither severe nor pervasive – and under no objective circumstances could it be deemed to be "extraordinarily severe."

Conspicuously absent from Pryor's complaint is any allegation that she was ever subjected to a continuous course of discriminatory treatment by Tseng, or anyone else at J&A, based upon her gender or status as a victim of domestic violence. Aside from the single instance wherein Tseng is alleged to have touched Pryor's hand and kissed her on the neck in a restaurant/bar off the premises of J&A, there is no other allegation or contention that there was any other incident of harassment of any kind or nature at any time during the entire course of Pryor's employment.[1]

As the above case law demonstrates, it is not enough for Pryor to make a conclusory assertion that "Defendants intentionally discriminated against Plaintiff on the basis of her sex by subjecting Plaintiff to a sexually hostile work environment that was severe or pervasive enough

---

[1] Indeed, this is the very first hostile work environment claim asserted against J&A – a law firm with currently over 100 employees – since its formation in 1974.

8

to alter the terms and conditions of her employment and ultimately making it impossible for Plaintiff to continue working for Defendants." See Complaint at ¶47. Instead, Pryor must plead facts that support such an assertion, which she has utterly failed to do. See Harris v. NYU Langone Medical Center, 2013 WL 3487032 (S.D.N.Y. Jul 09, 2013)("A claim is only facially plausible under Rule 12(b)(6) when the plaintiff 'pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged'"). Absent such allegations, the complaint fails to state a *prima facie* claim for hostile work environment under the NYSHRL. Accordingly, the third cause of action must be dismissed; and, because it is clear that there is only one instance of alleged harassment, such dismissal should be with prejudice.

### B. Constructive Discharge

Where, as here, a plaintiff fails to allege facts sufficient to state a valid claim for hostile work environment under the NYSHRL, she necessarily fails to state a claim for constructive discharge where such claim is based upon a hostile work environment. See Fincher v. Depository Trust & Clearing Corp., 604 F.3d 712, 725 (2d Cir.2010) (because plaintiff failed to raise a triable issue of fact as to her hostile work environment claim, "her claim of constructive discharge also fails"); accord, Gaffney v. City of New York, 101 A.D.3d 410, 955 N.Y.S.2d 318 (1st Dep't 2012) (same).

Here, it is undisputed that Pryor's complaint is attempting to allege a claim for constructive discharge stemming solely from the alleged hostile work environment claim. Indeed, all of Pryor's claims for constructive discharge are pled in conjunction with, and not independently from her hostile work environment claims. Accordingly, for the same reasons that

Pryor's hostile work environment claim fails under the NYSHRL, so does her corollary claim for constructive discharge, which must also be dismissed with prejudice.

## II

### THE COMPLAINT FAILS TO STATE A CLAIM FOR HOSTILE WORK ENVIRONMENT OR CONSTRUCTIVE DISCHARGE UNDER THE NYCHRL

To state a valid claim under the NYCHRL, a plaintiff must allege and establish discriminatory conduct that exceeds what a reasonable victim of discrimination would consider petty or trivial.  See Harris v. NYU Langone Medical Center, 2013 WL 3487032 (S.D.N.Y. Jul 09, 2013)(granting motion to dismiss NYCHRL hostile work environment claim); Lambert v. Macy's East, Inc., 34 Misc.3d 1228(A), 951 N.Y.S.2d 86 (Sup. Ct. Kings Co. 2010), aff'd, 84 A.D.3d 744, 922 N.Y.S.2d 210 (2d Dep't 2011) (granting motion for summary judgment to dismiss NYCHRL hostile work environment claim).

Although the foregoing standard is not a stringent as the "severe or pervasive" test applicable to claims under the NYSHRL, courts have made it abundantly clear that the NYCHRL "is ***not*** a general civility code and petty slights and trivial inconveniences are ***not*** actionable under the NYCHRL." Campbell v. Cellco Partnership, 860 F.Supp.2d 284 (S.D.N.Y. Feb 07, 2012)(emphasis supplied). See also Davis-Bell v. Columbia University, 851 F.Supp.2d 650 (S.D.N.Y.), appeal dismissed (2d Cir. 2012)(same); Phillip v. City of New York, 2012 WL 1356604 (E.D.N.Y. Apr 19, 2012)(same); Price v. Cushman & Wakefield, Inc., 829 F.Supp.2d 201 (S.D.N.Y. 2011)(same).

An isolated, uninvited touch on the hand or kiss on the neck falls squarely within the meaning of a "petty slight" or "trivial inconvenience" under the NYCHRL.  Thus, in Yee Sing Li v. Educ. Broad. Corp., Index No. 115948/2010, 2011 N.Y. Misc. LEXIS 3522, at *14–15 (N.Y. Sup.Ct. June 30, 2011), the court rejected a hostile work environment claim under the NYCHRL

where the defendant had merely stroked plaintiff's arm and stated "[a]sian skin is so soft," and "you love it when a hot guy like me touches you." See also Ardigo v. J. Christopher Capital, LLC, 2013 WL 1195117 (S.D.N.Y. Mar 25, 2013)(dismissing complaint where allegations of hostile work environment consisted of "sporadic insensitive comments"); Fullwood v. Assoc. for the Help of Retarded Children, Inc., 08 Civ. 6739(DAB), 2010 WL 3910429, at *9 (S.D.N.Y. Sept. 28, 2010) (granting summary judgment for defendants where plaintiff alleged that defendant made offensive racial comments on four separate occasions over a two-year period); Diagne v. New York Life Ins. Co., 2010 WL 5625829, at *16–17 (S.D.N.Y. Dec. 8, 2010) (granting summary judgment for defendant where plaintiff alleged that defendant made racial slurs "[s]ometimes" because the evidence was "of such a minimal character and supported by such inconclusive and vague evidence that a reasonable jury would have to conclude that it represents, at best, 'petty slights or trivial inconveniences'"); Wilson v. N.Y.P. Holdings, Inc., 05 Civ. 10355(LTS), 2009 WL 873206 (S.D.N.Y. Mar. 31, 2009) (granting summary judgment on hostile work environment claim where plaintiffs' supervisors commented over a number of years that "training females [was] like training dogs" and that "women need to be horsewhipped," and referred to female celebrities as "whores" and "sluts").

Once again, the foregoing case law demonstrates that Pryor cannot state a viable claim for hostile work environment or constructive discharge under the NYCHRL based upon the facts as alleged in her complaint. Accordingly, the fourth and fifth claims for relief must be dismissed with prejudice as a matter of law.

## Conclusion

In sum, case law firmly establishes that a NYHRL claim for hostile work environment and constructive discharge cannot be grounded upon a single incident of the kind and nature alleged in Pryor's complaint. It is equally well settled that such an incident cannot sustain a claim under the NYCHRL.

Based upon the foregoing reasons, defendants' motion should be granted, and the third, fourth and fifth claims for relief should be dismissed with prejudice in their entirety.

Dated:  New York, New York  
September 17, 2013

JAFFE & ASHER LLP

_/s/ Gregory E. Galterio_  
Gregory E. Galterio (GG 0787)  
600 Third Avenue, Ninth Floor  
New York, New York 10016  
(212) 687-3000  
Attorneys for Defendants